Thank you your honor and may it please the court. My name is Haley Upshaw and I represent the petitioner Ronald Singh who is watching by video. I'd like to reserve two minutes for rebuttal. Mr. Singh was brought to the United States in 1988 as an eight-month-old child after he and he was granted asylum in 2005 and placed in removal proceedings in 2018 after sustaining an aggravated felony. He was eligible for two forms of relief and applied for both and the agency made critical errors in each form which require remand. I'd like to bring your attention to three of these errors in particular. First, the agency failed to consider all of the relevant legal factors outlined by the statute before denying Mr. Singh's waiver of inadmissibility. This is a legal error and requires remand. As an asylee, Mr. Singh was eligible to adjust status but required a waiver of inadmissibility under 8 U.S.C. 1159 or INA 209C and the statute states that such waivers are permitted for humanitarian purposes to assure family unity or when in the interest. The agency here denied Mr. Singh's application finding that there were not sufficient humanitarian factors or family unity grounds to merit a waiver but failed to consider or mention at all the public interest factor and Mr. Singh's legal arguments that there were strong public interest grounds including his ability to make restitution, his ability to make the victim of return to Fiji. Second, the agency failed to consider the country conditions evidence in its analysis of Mr. Singh's waiver of inadmissibility including its analysis of hardship to Mr. Singh and in its exercise of discretion. The agency failed to consider the country conditions and expert evidence for the harms short of torture that Mr. Singh would substantial country conditions evidence including two expert witness opinions about the harms and the difficulties he would face in Fiji as a individual of Indian heritage, as a deportee who lacked critical social networks and family connections in Fiji and the immigration judge here agreed to give these expert affidavits full weight but nowhere in her analysis of Mr. Singh's application did she address the evidence and instead she made findings, factual findings, that were specifically contrary to the expert opinions and country conditions evidence. Mr. Singh raised this before the BIA and the BIA likewise affirmed the immigration judge's discretionary decision as to the waiver while ignoring again the country conditions evidence and the expert evidence and the agency's failure here to consider this highly probative evidence in evaluating his application for the waiver qualifies as a question of law that the court has jurisdiction over. So just as in Zhang the Holder where the agency was considering a another kind of discretionary waiver and the agency there failed to consider evidence both the positive and negative factors in exercise against discretion. The court in Zhang found that that failure was a legal error and under the BIA law here Mendes Morales the agency was required to consider hardship to Mr. Singh and to his family if deportation occurs but failed to do so in its analysis instead only focusing on his long-term residence, his supportive family members, and his work in educational history. A sister circuit dealt with this very same issue in a case in the same posture in Makir Marwil the 11th circuit remanded to the agency where the agency there had considered the country conditions evidence in Sudan when granting and the petitioner's cat case but failed to consider that same country conditions evidence for harm short of torture that the petitioner would face. And in counsel's judgment if I can interject a question of course sometime before all your time is used up could you please address the due process argument? Yes your honor the due process argument is that while Mr. Singh does not have the right to any specific outcome in a discretionary finding he does have the right to due process which includes the agency considering all relevant evidence and applying the correct legal standards in its discretionary decision. And if I may as to the last point or the last error that I want to draw your attention to in its cat analysis its analysis of Mr. Singh's application for relief under the convention against torture the agency ignored the torture that Mr. Singh himself experienced as an infant and looked at the changed country conditions generally but not the individualized risk that Mr. Singh would face as a person who had experienced past torture. The agency here acknowledged that Mr. Singh's parents had experienced some harm but did not consider that harm rose to the level of torture or consider whether Mr. Singh himself had experienced torture in Fiji. Here the evidence shows that the Fijian army individuals sought to kill Mr. Singh and his family setting fire to their home knowing that Mr. Singh infant Mr. Singh was in the neither the IJ nor the BIA address. Let me ask you a question about that if Mr. Singh at the time the military was harming his family was an eight month old infant then how can an infant experience torture from observing that? Your honor attempted killing certainly I think is torture and this court has clearly held that and an attempted killing here the evidence shows he was crying while his mother was being raped and his father was being beaten up the infant Mr. Singh was crying in the next room the army officials certainly knew he was there and set fire to his home blocking their egress out of their front door and I think that attempted killing of a child constitutes torture and the agency nowhere addressed the whether that harm rose to the level of torture so I see that my time is is ending and I would like to reserve the rest for rebuttal unless there are further questions. All right thank you counsel. Ms. Cohen. May it please the court Breanne Cohen on behalf of the United States Attorney General the court should dismiss in part and deny in part the petition for review. The court lacks jurisdiction to review the agency's denial of Mr. Singh's application for adjustment of status in conjunction with a waiver of inadmissibility both because of the criminal review bar and because the questions that are involved in the denial of the waiver and the ultimate determination to deny adjustment status in the exercise of discretion are do not raise legal questions but instead amount to a disagreement with the agency's weighing of the factors and are inherently discretionary questions over which the court lacks jurisdiction to review. I'd like to address some of the arguments raised by counsel the first regarding whether or not the agency erred in addressing all of the relevant factors for the hardship waiver and as counsel correctly points out the waiver is available based on humanitarian factors family unity or the public interest however in this case there's no question that the agency properly considered the relevant factors and the board and the board has clarified in published decisions that in cases such as the here where the petitioner is convicted of aggravated felonies there is a heightened presumption that the higher standard articulated a matter of gene will be applied except in rare circumstances where there are truly countervailing equities ultimately there is nothing in the record that indicates that the agency failed to consider any of the relevant factors and the ultimate questions here relate to discretionary determinations over which the court lacks jurisdiction with regard to the question of whether or not the agency properly considered country conditions evidence that short excuse me that fell short of torture so that whether or not they examine this in the discretionary determination the record also shows that the agency did consider evidence that fell short of torture in the discretionary decision to deny the waiver and to ultimately deny adjustment of status in the exercise of discretion specifically the agency considered mr sing's argument and evidence that showed that he would face difficulty perhaps finding employment this is not something that would normally go to torture but instead was considered by the agency in the context of the hardship to both mr sing and to his family should mr sing be removed to fiji with regard to the cat analysis and the question of whether or not the agency ignored past torture the before the agency mr sing's claim related almost entirely on the harm that his parents experienced he did not raise at the time that as an eight month old infant his experience amounted to torture he did not for example argue that he has suffered enduring trauma as a result of the violent attack on his parents but it is clear that the agency considered the violent attack as it related to mr sing's parents in their consideration um the other important factor here is that past torture is one factor in a cat analysis there is no presumption of future torture even in cases where past torture is established unlike for example in an asylum or withholding of removal context here it is clear that the agency considered evidence that more than 30 years after the harness parents experience conditions have changed in fiji that the fijian government has worked towards inclusivity and stability has promoted um policies that promote that inclusion and has spoken out against policies previous policies by the fijian government which amounted to elevating um indigenous fijians over endo-fijians like mr sing's parents accordingly there's no record evidence compelling a conclusion that mr sing now more than 30 years later would establish any likelihood of torture based on his endo-fijian ethnicity or based on any other reason council if i could interject a question i would like to ask you to please address the same question that i asked your your friend on the opposite side of the case is could you address the due process issues that were raised and and also uh one of the questions in my mind is whether he was given notice and an opportunity to be heard on the charge that that resulted in his removal yes your honor so with regard to i think there are a number of due process arguments that have been raised by mr sing's petition but ultimately these arguments uh essentially amount to a weighing of the evidence there's none of the arguments that were raised um that truly get to due process violation i think the closest argument um is the argument about the consideration of the expert testimony um but the record shows that the petitioner agreed to move forward on a proper expert testimony um and the immigration judge considered that testimony at full weight so all of the assurances of due process uh are met in this case mr sing had the opportunity to present evidence and the immigration judge and the board considered all that evidence with regard to um a question about whether or not mr sing had the opportunity to be heard on uh the basis of his there are conviction documents in the record um and so i believe removability on the on the aggravated felony charge um that all due process requirements were met uh and the the charge of removability has never been challenged throughout the agency uh proceedings if there are no further questions we ask that you dismiss and deny the petition for review thank you thank you counsel thank you your honor um just briefly as to the criminal review bar um this court has found that the agency errs as a matter of law by failing to apply all relevant at failing to consider all relevant evidence and by failing to apply correct legal standards this is a legal issue um and still subject to this court's review um as to um judge gould's question regarding notice and opportunity to be heard i um believe i addressed this in the brief but mr sing submitted um agreed to proceed by way of proffer on the expert declarations only on uh the grounds that they'd be given full weight as they were both available for testimony on the day of hearing um and prepared to testify uh and it was the judge uh judge's scheduling issue that that cut the time available in half so um to the extent that the judge thought that there were any findings by the experts regarding his ability to find work or housing in fiji if returned um it would be a due process violation to make those findings without giving him the opportunity to present that evidence uh having said she would give full weight to their declarations and uh with regard to torture there is no presumption of past of future torture based on past torture however it is one strong uh piece of evidence that must be considered um the agency is required to consider all evidence relating to future torture and where past torture is established evidence of changed circumstances must not be proven just in general but with respect to the particular individual so we would ask that the court grant mr sing's petition and remand to the agency thank you all right thank you council sing versus wilkinson will be submitted
judges: Wardlaw, Gould, Cain